THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL JUARBE ALBARRÁN, Defendant and Appellant.

No. 16595. Decided October 27, 1961.

---

720

*Armindo Cadilla Ginorio* for appellant. *J. B. Fernández Badillo, Attorney General,* and *Nilita Vientós Gastón, Assistant Attorney General,* for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo and Mr. Justice Dávila.

PER CURIAM.

The district attorney of Arecibo filed an information for burglary in the first degree (§ 408 of the Penal Code, 1937 ed., 33 L.P.R.A. § 1591) against appellant Rafael Juarbe Albarrán and his father Pedro Albarrán Olivero, charging them that at nighttime between March 30 and 31, 1958, they broke into a coffee warehouse owned by Antonio Ginard and stole 16 sacks of coffee. They were found guilty by a jury. Juarbe Albarrán was sentenced to serve an indeterminate sentence from 10 to 18 years in the penitentiary, since his conviction was in subsequent degree.

In the petition for appeal taken from said judgment, he assigns four errors aimed at challenging the sufficiency of the evidence and the validity of the conviction, on the ground that certain statements made by his codefendant father, to which we shall refer hereinafter, were not corroborated despite the fact the latter was an accomplice. We shall discuss the errors jointly, and will therefore sum up briefly the evidence introduced by the prosecution.

Antonio Ginard, a merchant owner of an establishment for storing berried coffee situated on Baldorioty square of Utuado, testified that in the evening of Sunday, March 30, 1958, he went to his establishment about 10 o'clock to make sure that the doors and windows were well locked; that the following day, between 7:30 and 8:00, he noticed that a window which the previous night "was tightly closed and had a latch and a bolt" had been opened, and that near the wall a zinc sheet had been forced open; that 16 sacks of white hulled coffee were missing from a pile; that eight days later, at the police request, he identified three pieces of coffee canvas which belonged to him; that he was able to identify them because they were Dominican coffee canvas of those used in his business and by the cross-stitch seam of the sacks which was fastened in tufts; that there was also a piece of canvas which he himself had mended; that he also identified the coffee by its appearance and the quality of the bean.

State policeman José J. Díaz stated that on April 8, 1958, about 1:00 a.m., he and two detectives were making the rounds in the ward of Viví Abajo along the bank of Viví River and caught the two defendants "with two sacks of coffee on the ground," and that Pedro was seated on a sack; that Rafael was carrying a sack on the head; that when he was at a distance of 6 or 7 feet, Rafael flung the sack which he was carrying at him and fled; that "Pedro Albarrán remained in that place and told me that the coffee belonged to Antonio Ginard, of the burglary of An-

tonio Ginard"; later, upon being questioned by the judge, he stated that Pedro had said, "that coffee belongs to Toño Ginard; that was my son who fled"; that the sacks contained dry white hulled coffee, and that he took them to police headquarters where they were identified by Ginard, to whom they were returned upon delivery of a receipt.

Detective Jorge Arregoitía testified in terms similar to those of policeman Díaz, and confirmed that when they were taken by surprise and Rafael took to flight, Pedro said, "he is my son Rafael, he was the one who stole this coffee from Antonio Ginard"; that he chased and located the appellant in his house and he had on clean clothes; that they asked him about the clothes he had been wearing, and "then he showed us the clothes, blue pants, which were wet, and a tan shirt."

Defendant Rafael Juarbe Albarrán introduced evidence in support of his defense of alibi, that is, that the night of the occurrence of the burglary he was in his sister's house in Arecibo, where he stayed until Monday afternoon, March 31. He also alleged that he was not connected with the burglary of Ginard's warehouse.

From the preceding summary it appears clearly that the evidence presented is sufficient to sustain the conviction. The corpus delicti was fully established by the aggrieved party's testimony, *People* v. *Colón*, 81 P.R.R. 321 (1959); *People* v. *Colón et al.*, 39 P.R.R. 817 (1929). In *People* v. *Torres*, 81 P.R.R. 659 (1960), we said that the illegal entry as well as the existence of a specific intent to commit grand or petit larceny may be established by circumstantial evidence, that is, that they may be reasonably inferred from the amount of facts and circumstances. See Melton, *The Amount of Circumstantial Evidence Necessary to Prove Breaking and Entering in a Burglary Trial*, 12 Rocky Mt. L. Rev. 289 (1940); *cf. People* v. *Rosado*, 79 P.R.R. 23 (1956); *People* v. *Rosado*, 78 P.R.R. 416 (1955). In order to connect the defendant-appellant with the offense charged,

the evidence contains elements which, taken jointly, are sufficient to warrant the conviction: (1) the *unexplained* possession of the stolen coffee (*People* v. *Bayrón*, 40 P.R.R. 785, 788 (1930) ; *People* v. *Méndez*, 39 P.R.R. 841, 843 (1929) ; *People* v. *Moreno*, 32 P.R.R. 759 (1924)) ; (2) the *unexplained* flight of the defendant-appellant (*People* v. *Castro*, 75 P.R.R. 630, 642 (1953) ; Annot., *Flight as Evidence of Guilt*, 25 A.L.R. 886 (1923) ; II Wigmore, Evidence 111, § 276; I Wharton, Evidence, § 205; Note, 3 U. of Fla. L. Rev. 121–125 (1950)) ; and (3) *uncontroverted* statements of the coauthor.[1] (*People* v. *Castro*, 75 P.R.R. 630, 639 (1953)). Regarding the corroboration, the foregoing shows that if this was necessary, there was other evidence to connect the appellant with the offense charged, *People* v. *Méndez*, 39 P.R.R. 841 (1929) ; Annot., *Corroboration of Accomplice by Evidence of Defendant's Actual or Contemplated Flight, or Concealment of Himself*, 87 A.L.R. 767 (1933).

The errors assigned not having been committed, the judgment rendered by the Superior Court, Arecibo Part, on June 23, 1958, will be affirmed.

---

[1] The objection to admissibility can not be raised for the first time on appeal. *People* v. *Torres*, 81 P.R.R. 659, 664 (1960); *People* v. *Jiménez*, 78 P.R.R. 7, 11 (1955); *cf. People* v. *Oquendo*, 83 P.R.R. 227 (1961).